UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERRY LEVANTSEYVCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:23-CV-02021-LMM |
| LIVE NATION WORLDWIDE, INC, | ) | |
| DEFENDANT JOHN DOE, & | ) | |
| ABC CORP | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW Plaintiff **SHERRY LEVANTSEYVCH** ("Plaintiff") and

DEFENDANT **LIVE NATION WORLDWIDE, INC.** ("Live Nation") and,

pursuant to L.R. 16.2, file this Joint Preliminary Report and Discovery Plan,

showing this Court the following:

**1.     Description of case:**

(a)     *Describe briefly the nature of this action*.

**This is a premises liability action filed as a result of an incident that is**

**said to have occurred on or about December 20, 2019 at The Coca-Cola Roxy.**

**(See *Complaint*, generally)   Plaintiff alleges that Defendant Live Nation's**

**negligence caused her to fall and sustain injuries. Plaintiff has incurred**

1

medical bills in excess of $82,251.53. (*Id*. at ¶ 15).  She seeks monetary damages for claimed past, present and future medical expenses, lost wages, and mental and physical pain and suffering and emotional distress. (*Id*. at ¶ 33).

      (b)    *Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.*

      Plaintiff alleges she was injured when she slipped and fell on food that had fallen onto the floor in front of a food station in a dimly lit room at The Coca-Cola Roxy.  Plaintiff maintains Live Nation was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.  (See *Complaint*, ¶ 19).  Plaintiff also maintains that Live Nation is vicariously liable for the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell. (*Id*. at ¶¶ 22-23). Plaintiff also believes Live Nation was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises, and in failing to train its employees concerning safety procedures for inspecting, cleaning and

maintaining the premises. (*Id*. at ¶¶ 25-26).  Plaintiff alleges Live Nation's breach of its duty was the proximate cause of the incident and her injuries. (*Id*. at ¶ 20.)   She further alleges negligence as to Defendants John Doe and ABC Corp. (*Id*. at ¶¶ 27-32).   Defendant Live Nation disputes Plaintiff's contentions and denies liability for the Plaintiff's claims.

      (c)   <u>The legal issues to be tried are as follows</u>:

<u>By Plaintiff</u>:

1) Whether a hazardous condition existed on the premises;

2) Whether Defendant Live Nation had actual or constructive knowledge of a hazardous condition on the premises;

3) Whether Plaintiff had equal or superior knowledge of the alleged hazardous condition on the premises;

4) Whether Defendant Live Nation breached a duty owed to Plaintiff;

5) Whether any negligence by Defendant Live Nation was the proximate cause of the subject incident and Plaintiff's injuries;

6) Whether the actions of any other, non-named entity or person breached a duty owed to Plaintiff;

7) **Whether the actions of any other, non-named entity or person was the proximate cause of any injuries and harm to Plaintiff;**

8) **Whether Plaintiff's injuries were proximately caused the event described in her Compliant;**

9) **Whether Plaintiff's medical expenses were necessary and reasonable;**

10) **Whether Plaintiff is entitled to past, present and future medical expenses;**

11) **Whether Plaintiff is entitled to past, present and future mental and physical pain and suffering; and**

12) **Whether Plaintiff is entitled to past, present and future lost wages.**

By Defendant:

1) **Whether a hazardous condition existed on the premises;**

2) **Whether Defendant Live Nation had actual or constructive knowledge of a hazardous condition on the premises;**

3) **Whether Plaintiff had equal or superior knowledge of the alleged hazardous condition on the premises;**

4) **Whether Defendant Live Nation breached a duty owed to Plaintiff;**

5) **Whether any negligence by Defendant Live Nation was the proximate cause of the subject incident and Plaintiff's injuries;**

6) **Whether the actions of any other, non-named entity or person breached a duty owed to Plaintiff;**

7) **Whether the actions of any other, non-named entity or person was the proximate cause of any injuries and harm to Plaintiff;**

8) **Whether Plaintiff was contributorily negligent;**

9) **Whether Plaintiff's injuries were proximately caused the event described in her Compliant;**

10) **Whether Plaintiff's medical expenses were necessary and reasonable;**

11) **Whether Plaintiff is entitled to past, present and future medical expenses;**

12) **Whether Plaintiff is entitled to past, present and future mental and physical pain and suffering; and**

13) **Whether Plaintiff is entitled to past, present and future lost wages.**

**(d)** **The cases listed below (include both style and action number) are:**

(1) Pending Related Cases:  **None.**

(2) Previously Adjudicated Related Cases: **This is a renewal action, and Plaintiff previously filed suit against Defendant Live Nation in the State Court of Cobb County, Georgia (Civil Action No. 22102407) which was voluntarily dismissed by the Plaintiff.**

**2.** **This case is complex because it possesses one or more of the features listed below (please check):**

| | | |
|---|---|---|
| ____ | (1) | Unusually large number of parties |
| ___ | (2) | Unusually large number of claims or defenses |
| ___ | (3) | Factual issues are exceptionally complex |
| ____ | (4) | Greater than normal volume of evidence |
| X | (5) | Extended discovery period is needed |
| ___ | (6) | Problems locating or preserving evidence |
| ___ | (7) | Pending parallel investigations or actions by government |
| X | (8) | Multiple use of experts |
| ___ | (9) | Need for discovery outside United States boundaries |
| ___ | (10) | Existence of highly technical issues and proof |
| ___ | (11) | Unusually complex discovery of electronically stored information |

**3.** **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiff:**
Sean R. Campbell
Georgia Bar No. 903652

Champion Law Group, LLC
4514 Chamblee-Dunwoody Road
Suite 335
Atlanta, GA 30338
s.campbell@clggeorgia.com
efile@clggeorgia.com
(470) 299-1371

**For Defendant Live Nation:**
Maren R. Cave
Georgia Bar No. 278448
Jennifer L. Nichols
Georgia Bar No. 001294
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, Suite 800
Atlanta, Georgia 30309
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com
(404) 874-8800

4.    **Jurisdiction:** Is there any question of this Court's jurisdiction?

(___) Yes          ( X ) No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**This case has been properly removed to this Court from the Superior Court of Cobb County in light of the diversity of citizenship between Plaintiff and Defendant, and the amount in controversy. The Court previously directed Live Nation to Show Cause as why this matter should not be remanded for failure to establish subject-matter jurisdiction, and a *Stipulation Regarding***

*Plaintiff's Citizenship* **was filed with the Court establishing the citizenship of**

**Plaintiff Levantseyvch – Michigan.**

5.      **Parties to This Action:**

(a)      The following persons are necessary parties who have not been joined:

**Plaintiff filed suit against Defendants John Doe and ABC Corp.  At this**

**time, Defendant Live Nation is not aware of the entity of any other, additional**

**parties that should be joined.**

(b)      The following persons are improperly joined as parties:

**None known at this time.**

(c)      The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Plaintiff's last name has the "v" before the "y" and her proper name is**

**Sherry Levantsevych.  A Motion to Correct Misnomer will be submitted to**

**the Court.**

(d)      The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of the party's name.

6.      **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in L.R. 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary.

**Plaintiff will amend her Complaint upon the Court's entry of an Order on the Motion to Correct Misnomer – properly identifying Plaintiff as Sherry Levantsevych.**

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery, or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*: within **thirty (30) days** after the close of discovery, i.e. on or before **<u>January 3, 2024</u>** unless otherwise permitted by court order.  Local Rule 56.1.

(c)    *Other Limited Motions*: refer to local rules 7.2A; 7.2B, and 7.2E respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed Pre-trial Order is submitted. Refer to Local Rule 7.2F. Pursuant to this Court's Standing Order Regarding Civil Litigation, briefs in opposition must be filed within fourteen (14) days following the *Daubert* motion, and reply briefs must be filed seven (7) days thereafter.

## 8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objections. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**No objections by Plaintiff or Defendant. The Parties will serve Initial Disclosures on or before June 5, 2023.**

## 9.   Request for Scheduling Conference:

Does any party request a scheduling conference with the court? If so, please state the issues which could be addressed and the position of each party.

**The Parties do not request a Scheduling Conference at this time.**

## 10.   Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by Answer to the Complaint, or **June 5, 2023**. As stated in L.R. 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) month discovery period; (b) four (4) months discovery period; and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the Complaint and service copies of the Complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>By Plaintiff:</u>

**Named and potentially unnamed parties and their liability, and Plaintiff's injuries and damages**

<u>By Defendant</u>:

1) **Plaintiff's activities on the day of the subject incident;**

2) **The details concerning the subject incident and how it occurred;**

3) **The investigation of the subject incident, including the investigation of any hazardous conditions on the premises;**

4) **The proximate cause of the subject incident;**

5) **Plaintiff's alleged injuries and damages;**

6) **Plaintiff's previous medical history and medical treatment before the subject incident;**

7) **Plaintiff's failure to mitigate damages; and**

8) **Damages recoverable by Plaintiff.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties anticipate the need for multiple experts on both liability and damages. Additionally, Plaintiff is a resident of Michigan, and some of her medical treatment following the subject incident was received in Michigan. In light of the need for discovery outside of the State of Georgia, and the potential for several experts, the Parties request a six (6) month discovery period, wherein discovery would expire on <u>December 4, 2023.</u>**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None known or anticipated by the Parties at this time.**

(b) Is any party seeking discovery of electronically stored information?

(_X_) Yes          (__) No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The Parties discussed and have agreed to exchange electronic communications and responsive electronic documents should any exist.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF),

or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The Parties have discussed and agreed to produce documents via PDF format, via an appropriate link to access same or provided on disc.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None anticipated at this time.**

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **May 22, 2023**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to the party.

**Lead Counsel For Plaintiff:**
*/s/ Sean R. Campbell*

**Lead Counsel For Defendants:**
*/s/ Maren R. Cave and /s/ Jennifer L. Nichols*

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____)   A possibility of settlement before discovery.
(__X___)   A possibility of settlement after discovery.
(_____)   A possibility of settlement, but a conference with the judge is needed.

(_____)      No possibility of settlement.

(c)      Counsel (__) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20_____.

(d)      The following specific problems have created a hindrance to settlement of this case:

**A lack of information and discovery, and the Parties' current positions on liability and damages.**

**14.      Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)      The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)      The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted, this 5th day of June, 2023.

**For Plaintiff:**

*/s/ Sean R. Campbell* _____
Sean R. Campbell
Georgia Bar No. 903652
Champion Law Group, LLC
4514 Chamblee-Dunwoody Road
Suite 335
Atlanta, GA 30338
s.campbell@clggeorgia.com
efile@clggeorgia.com

**For Defendant Live Nation:**

*/s/ Maren R. Cave*
Maren R. Cave
Georgia Bar No. 278448
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, Suite 800
Atlanta, Georgia 30309
maren.cave@swiftcurrie.com
(404) 874-8800

*/s/ Jennifer L. Nichols*
Jennifer L. Nichols
Georgia Bar No. 001294
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, Suite 800
Atlanta, Georgia 30309
jennifer.nichols@swiftcurrie.com
(404) 874-8800

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERRY LEVANTSEYVCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:23-CV-02021-LMM |
| LIVE NATION WORLDWIDE, INC, | ) | |
| DEFENDANT JOHN DOE, & | ) | |
| ABC CORP | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this ____ day of _____, 2023.

_____
THE HONORABLE LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

16

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D) of the Northern District of Georgia.

This 5th day of June, 2023.

<div style="margin-left:40%">

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*
MAREN R. CAVE
Georgia State Bar No. 278448
JENNIFER L. NICHOLS
Georgia Bar No. 001294
*Counsel for Defendant Live Nation Worldwide, Inc.*

</div>

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
404-874-8800 (ph)
404-888-6199 (fax)
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

<u>**CETIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically transmitted ***Joint Preliminary Report and Discovery Plan*** to the Clerk's Office using the CM/ECF System for filing and service, which will automatically send notification of such filing to the following attorneys of record and CM/ECF registrants:

<div align="center">

Sean R. Campbell
Champion Law Group, LLC
4514 Chamblee-Dunwoody Road
Suite 335
Atlanta, GA 30338
s.campbell@clggeorgia.com
efile@clggeorgia.com
*Attorney for Plaintiff*

</div>

This 5th day of June, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Jennifer L. Nichols*
MAREN R. CAVE
Georgia State Bar No. 278448
JENNIFER L. NICHOLS
Georgia Bar No. 001294
*Counsel for Defendant Live Nation Worldwide, Inc.*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
404-874-8800 (ph)
404-888-6199 (fax)
maren.cave@swiftcurrie.com
jennifer.nichols@swiftcurrie.com

4894-5978-8899, v. 1